# IN THE COURT OF APPEALS OF IOWA

No. 16-1430
Filed November 9, 2016

**IN THE INTEREST OF J.S.,**
**Minor Child,**

**N.S., Mother,**
      Appellant.

_____

      Appeal from the Iowa District Court for Bremer County, Peter B. Newell,

District Associate Judge.


      A mother appeals from the juvenile court's order terminating her parental

rights.  **AFFIRMED.**



      Shannon R. Michael, Oelwein, for appellant.

      Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant

Attorney General, for appellee.

      Mark A. Milder, Waverly, attorney and guardian ad litem for minor child.



      Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

A mother appeals the juvenile court's order terminating her parental rights to her child, J.S., born in 2008.[1] She contends the State failed to prove the statutory grounds for termination by clear and convincing evidence, termination was not in the child's best interests, and an exception to termination exists due to her shared bond with the child. She also argues the court should have granted her an additional six months to work toward reunification.

We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). We have carefully reviewed the record, the briefs of the parties, and the juvenile court's thorough ruling. The child is over the age of four, has been adjudicated a child in need of assistance, has been out of the mother's care for the requisite statutory time period, and could not be returned to her physical custody at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f) (2015).

We sympathize with the mother for the extensive trauma she suffered as a child. But she has failed to address her serious and unresolved mental-health issues, which has led to her inability to care for her child and meet his needs. "[A]t some point, the rights and needs of the child[] rise above the rights and needs of the parent." *In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009). We find termination of the mother's parental rights is in the child's best interests. *See* Iowa Code § 232.116(2).

After reviewing the record in its entirety, we agree with the juvenile court that any exception to termination should not be applied in this case. The mother

---

[1] The juvenile court also terminated the father's parental rights. He does not appeal.

shares a bond with the child, *see id.* § 232.116(3)(c) (providing a court may decide not to terminate a parent's parental rights if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship"); however, the record also shows the mother has repeatedly chosen to put her own desires and interests ahead of the needs of her child. We do not find the mother's bond with her child weighs against termination.

The mother's unresolved mental-health issues and lack of progress demonstrate she will not be able to care for the child within six months. *See id.* § 232.104(2)(b) (providing that, in order to extend a child's placement for an additional six months, the juvenile court must find the need for removal will no longer exist at the end of the six-month period). This child needs and deserves permanency and stability. Thus, we agree with the juvenile court's denial of the mother's request for an additional six months to work toward reunification.

Accordingly, we affirm the juvenile court's order without further opinion, pursuant to Iowa Court Rule 21.26(1)(a), (d), and (e).

**AFFIRMED.**